**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 02:28 PM July 17, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| RAMON ROMAN AND ) | CASE NO. 12-61482 |
| NANCY ANN ROMAN, ) | |
| ) | JUDGE RUSS KENDIG |
| Debtors. ) | |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **(NOT FOR PUBLICATION)** |
| ) | |

On June 11, 2012, Debtors objected to a proof of claim filed by MedCentral Health System ("MedCentral"). No responses were filed. The objection is denied.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors filed a joint chapter 13 petition on May 24, 2012. The claims bar date was October 1, 2012. On June 5, 2012, MedCentral filed a proof of claim for $5,696.03. The claim was filed on the April 2010 version of Official Form 10 ("B10"), not the most recently adopted

version of the B10 dated December 2011. On June 11, 2012, Debtors objected to the proof of claim solely on the grounds that it was not filed on the "proper Proof of Claim form." (Objection, p. 1).

## DISCUSSION

Federal Rule of Bankruptcy Procedure 3001(a) addresses proofs of claim, stating, in applicable part:

> (a)  Form and Content.  A proof of claim is a written statement setting forth a creditor's claim.  A proof of claim shall conform substantially to the appropriate Official Form.

The question the court must answer is whether the previous version of the B10 substantially conforms to the recent version of the B10. The court finds it does.

The bulk of the most recent B10 is identical to the former B10. There are primarily three changes between the two versions. First, an optional section for a uniform claim identifier was added. Second, check boxes were added to show whether the interest rate on a secured claim is fixed or variable. Third, the signature section was modified to include check boxes to identify the relationship of the filer to the claimant, a statement regarding the penalty of perjury, and specific lines for information about the filer.[1] These changes, one which is entirely optional, do not render the new form materially different from the old form in these circumstances. Consequently, the old form substantially conforms to the new form.

The claim, including the thirty-three pages of attachments, clearly contains information designated by the Sixth Circuit as part of a "proper proof of claim:"

> 1. Name and address of Creditor;
>
> 2. Basis for the claim;
>
> 3. Date that debt was incurred;
>
> 4. Classification of the claim;
>
> 5. Amount of claim; and
>
> 6. Copies of any documents supporting the claim.

Id. at 608 (citing Official Form 10).

Finally, the claim filed by MedCentral meets the requirements for an informal proof of claim. The Sixth Circuit Court of Appeals found four requirements for an informal proof of

---

1 This information was also requested on the previous form.

claim: "(1) The proof of claim must be in writing; (2) The writing must contain a demand by the creditor on the debtor's estate; (3) The writing must express an intent to hold the debtor liable for the debt; and (4) The proof of claim must be filed with the bankruptcy court."  <u>In re M.J. Waterman & Assoc., Inc.</u>, 227 F.3ed 604, 609 (6th Cir. 2000).   It would be absurd to exalt form over substance to deny a proof of claim on an old form while permitting other writings to stand informally.

Debtors' objection is overruled.   An order will issue immediately.

#     #     #

**Service List:**

Deborah L Mack
P O Box 486
Mansfield, OH 44901-0486

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

MedCentral Health System
335 Glessner Ave
Mansfield, OH   44903